**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 43**

Docket No. DE-0752-13-0061-I-1

**Michel R. Blanding,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

June 18, 2014

Gary E. Laughlin, Esquire, Topeka, Kansas, for the appellant.

Deborah M. Levine, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of an initial decision that dismissed his removal appeal for lack of jurisdiction based on a finding that he waived his Board appeal rights when his grievance was settled. For the following reasons, we GRANT the petition for review and REMAND the appeal to the Denver Field Office for further adjudication of the appellant's age discrimination claim consistent with this Opinion and Order.

BACKGROUND

¶2       The appellant, a preference-eligible rural carrier, was removed from his position, effective November 5, 2012, based on a charge of Unacceptable Performance/Failure to Work in a Safe Manner. Initial Appeal File (IAF), Tab 7 at 29-31 (decision letter), 46-49 (proposal notice). The appellant filed a grievance challenging his removal. *Id.* at 86. He also filed a Board appeal challenging his removal and asserting a claim of age discrimination.[1] IAF, Tab 1. The appellant subsequently retired and made the effective date of his retirement and his removal the same date. IAF, Tab 13 at 20-27. While his Board appeal was pending before the administrative judge, the appellant's union and the agency settled his grievance. *See id.* at 9. In pertinent part, the grievance settlement stated that the appellant had retired, the proposed removal would be rescinded, all corrective action would be removed from the employee's Official Personnel File, and the parties would "consider the case closed." *Id.* Although the appellant did not sign the settlement, he has acknowledged that he "agreed to enter it [sic]." IAF, Tab 17 at 9.

¶3       After affording the parties the opportunity to address the impact of the grievance settlement on this appeal, the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 18, Initial Decision (ID). The administrative judge found that the agreement did not expressly reserve the appellant's right to pursue a Board appeal regarding his removal and the appellant voluntarily entered into this agreement through his union. ID at 5-6. The administrative judge concluded that the settlement therefore divested the Board of jurisdiction over the appellant's removal appeal. *Id.* The administrative judge further reasoned that, absent jurisdiction to review the

---

[1] We cannot discern from the record whether the appellant's grievance included an age discrimination claim. The outcome of this matter is not dependent on a resolution of that issue.

underlying removal, the Board could not independently adjudicate the appellant's age discrimination claim, even if the grievance settlement did not comply with the requirements of the Older Workers Benefit Protection Act of 1990 (OWBPA) concerning waivers of age discrimination claims under the Age Discrimination in Employment Act (ADEA).  ID at 6.  Because the administrative judge found that the Board lacks jurisdiction over the appeal, he did not address the issue of whether the appeal was rendered moot by the agency's rescission of the removal action.  ID at 7.

¶4        The appellant has filed a petition for review, and the agency has filed a response.  Petition for Review (PFR) File, Tabs 1, 3.  On review, the appellant asserts that the administrative judge made the following errors:  (1) he improperly interpreted the OWBPA in light of the Board's decision in *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129 (2013); and (2) he failed to address the "mootness" argument despite the fact that, as part of his age discrimination claim, the appellant sought back pay (from November 5, 2012, to the present) and reinstatement.  PFR File, Tab 1.  The appellant requests that the Board remand this appeal for adjudication of his age discrimination claim only.  *Id.* at 8.

## ANALYSIS

¶5        As a preference-eligible postal employee with at least 1 year of current continuous service in the same or similar positions, the appellant had the right to appeal his removal to the Board under chapter 75.  *Gordon-Cureton v. U.S. Postal Service*, 105 M.S.P.R. 165, ¶ 6 (2007).  Preference-eligible employees in the U.S. Postal Service, like the appellant, are entitled to simultaneously pursue both a grievance and a Board appeal.  *See Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 8 (2006).  However, an appellant may waive his Board appeal rights in the process of settling his grievance.  *See, e.g.*, *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 14 (2006); *Laity v. Department of Veterans Affairs*, 61 M.S.P.R. 256, 261-62 (1994).  The Board will give due effect to the express

terms of a valid agreement waiving Board appeal rights. *See Laity*, 61 M.S.P.R. at 261-62. In addition, an appellant waives his Board appeal rights when a grievance settlement contains a broad and general waiver that encompasses the claim raised before the Board, and does not specifically reserve the right to file an appeal. *See Hanna*, 101 M.S.P.R. 461, ¶ 8; *Swidecki*, 101 M.S.P.R. 110, ¶¶ 14-16; *Laity*, 61 M.S.P.R. at 263.

¶6      On review, the appellant does not challenge the administrative judge's findings that the grievance settlement did not expressly reserve his Board appeal right, that the agreement effectively waived his right to contest the merits of his removal before the Board, and that he was bound by the agreement reached by union in this matter. ID at 4-6; PFR File, Tab 1. Thus, we accept for purposes of our decision that, by virtue of the grievance settlement, the appellant generally waived his right to continue pursuing his pending adverse action appeal with the Board regarding his removal. *See Hanna*, 101 M.S.P.R. 461, ¶ 8; *Swidecki*, 101 M.S.P.R. 110, ¶¶ 14-16; *Laity*, 61 M.S.P.R. at 263.

¶7      The appellant argues, however, that the grievance settlement did not constitute a valid waiver of his pending age discrimination claim because the agreement did not satisfy the requirements for such a waiver as set forth in the OWBPA. For the following reasons, we agree that the grievance settlement fails to comply with the OWBPA and that the Board therefore retains jurisdiction to adjudicate the pending age discrimination claim, even though the grievance settlement effectively resolved the appellant's other pending claims.

¶8      The OWBPA mandates that a settlement agreement satisfy certain minimum requirements before it may be considered an effective waiver of any right or claim under the ADEA. *See, e.g.*, 29 U.S.C. § 626(f)(1), (f)(2) (concerning waiver of rights under the ADEA); *Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶¶ 11-12 (2010) (setting forth the requirements of the OWBPA). The OWBPA applies to the appellant's age discrimination claim, which was raised under the ADEA. *See* 29 U.S.C. § 633a(a) (making the ADEA

applicable to the U.S. Postal Service); *Schwartz*, 113 M.S.P.R. 601, ¶ 12.  The record clearly shows that the grievance settlement does not satisfy the requirements of the OWBPA.  For instance, the grievance settlement does not specifically refer to a waiver of claims arising under the ADEA.  IAF, Tab 13 at 9; *see* 29 U.S.C. § 626(f)(1)(B); *Schwartz*, 113 M.S.P.R. 601, ¶ 12.  Nor is there any evidence that the appellant was advised in writing to consult with an attorney prior to executing the agreement.  IAF, Tab 13 at 9; *see* 29 U.S.C. § 626(f)(1)(E); *Schwartz*, 113 M.S.P.R. 601, ¶ 12.

¶9        The Board has held that, before accepting a settlement agreement in an appeal where age discrimination has been alleged, the Board must first verify that the agency has complied with the waiver requirements in the OWBPA.  *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 7 (2013); *Schwartz*, 113 M.S.P.R. 601, ¶ 11.  In such circumstances, the Board has held that noncompliance with the OWBPA only invalidates the waiver of the age discrimination claim and does not impact an otherwise valid waiver of an appellant's remaining claims, including a challenge to the merits of the underlying appealable adverse action under 5 U.S.C. chapter 75.  *Hinton*, 119 M.S.P.R. 129, ¶ 9; *Schwartz*, 113 M.S.P.R. 601, ¶ 13; *Harris v. Department of the Air Force*, 98 M.S.P.R. 261, ¶ 8 (2005) (the agreement "is still in effect" regarding all but the appellant's age discrimination claim).  After invalidating a waiver of a pending age discrimination claim in such circumstances, the Board retains jurisdiction to adjudicate the age discrimination claim as appropriate.  *See Hinton*, 119 M.S.P.R. 129, ¶ 9; *Schwartz*, 113 M.S.P.R. 601, ¶ 13; *Harris*, 98 M.S.P.R. 261, ¶ 8.  The question before us is whether that reasoning applies when the Board is considering the impact of a grievance settlement reached while an appellant has a pending adverse action appeal before the Board that includes a claim under the ADEA.

¶10       We agree with the appellant that the Board's analysis in *Hinton* is instructive, and we extend the reasoning in *Hinton* to this matter.  Indeed, there

are many similarities between the two cases. For instance, Ms. Hinton, like the appellant, appealed her removal, alleged age discrimination, and subsequently entered into a settlement agreement. *Hinton*, 119 M.S.P.R. 129, ¶ 2. The Board in *Hinton* found that, because the settlement agreement did not comply with the OWBPA, Ms. Hinton's waiver of her Board appeal right to challenge her removal was valid, but her age discrimination claim was not waived; thus, only her age discrimination claim should be remanded for further adjudication. *Id.*, ¶¶ 9-10. Such a result is consistent with the well-established principle that the Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board, *see*, *e.g.*, *Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 6 (2005); *Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981), and the Board's retention of jurisdiction to adjudicate discrimination claims even when the underlying appealable action is canceled or rescinded while a Board appeal is pending, *see, e.g.*, *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶¶ 9 (2008). There is no dispute that the appellant's adverse action appeal and attendant age discrimination claim were within the Board's jurisdiction under 5 U.S.C. chapter 75 at the time he filed his appeal. The Board was not divested of jurisdiction over the age discrimination claim because of the subsequent grievance settlement, which did not contain an effective waiver of his ADEA claim as required by the OWBPA.[2] *See Hinton*, 119 M.S.P.R. 129, ¶¶ 9-10.

---

[2] The fact of the appellant's retirement does not render moot his requests for reinstatement and back pay as part of his age discrimination claim. *See, e.g.*, *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶¶ 2, 11-14 (2013) (finding that 5 U.S.C. § 7701(j) does not limit the relief that may be awarded to an appellant who retires based on an agency's final decision to remove him but whose removal is subsequently reversed by the Board). We note that these remedies are available under the ADEA, and the appellant did not receive these remedies as part of his grievance settlement. 29 U.S.C. § 626(b); *see* IAF, Tab 13 at 5-6, 9.

¶11    For these reasons, we remand the appeal to the Denver Field Office for the administrative judge to adjudicate the appellant's age discrimination claim only. The merits of the removal action are not at issue, except to the extent that the administrative judge needs to address them to decide whether the appellant can prove his affirmative defense of age discrimination. *Id.*, ¶ 10. The appellant claimed below that he was entitled to back pay and reinstatement as part of his age discrimination claim. *See* IAF, Tab 1 at 3, Tab 17 at 13. We note that compensatory damages are not available in an age discrimination claim. *See Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 14 (2000).

## ORDER

¶12    For the reasons discussed above, we REMAND the appeal for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.